AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

**UNITED STATES OF AMERICA**
v.
**KEVIN MICHAEL TAYLOR**

**JUDGMENT IN A CRIMINAL CASE**

USDC Case Number: CR-09-00398-004 SBA
BOP Case Number: DCAN409CR000398-004
USM Number: 12486-111
Defendant's Attorney: JOSEPHA A. MOTTA

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): <u>one & two of the Superseding Indictment</u> .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO COMMIT BANK ROBBER | FEBRUARY 25, 2009 | ONE |
| 18 U.S.C. § 2113(a) and (d) | ARMED BANK ROBBERY | FEBRUARY 25, 2009 | TWO |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

JUNE 10, 2010
Date of Imposition of Judgment

*Saundra B Armstrong*
Signature of Judicial Officer

Honorable Saundra B. Armstrong, U. S. District Judge
Name & Title of Judicial Officer

6/11/10
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | KEVIN MICHAEL TAYLOR | Judgment - Page 2 of 7 |
| CASE NUMBER: | CR-09-00398-004 SBA | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 28 months. This term consists of terms of 28 months on each of Counts One and Two, all counts to be served concurrently.

[**x**]  The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE HOUSED CLOSE TO THE BAY AREA DUE TO THE PROXIMITY TO HIS FAMILY.

[**x**]  The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]  The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:       KEVIN MICHAEL TAYLOR                                             Judgment - Page 3  of  7
CASE NUMBER:   CR-09-00398-004 SBA

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.  This term consists of terms of 3 years on each of Counts One and Two, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[**x**]      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
[**x**]      The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | KEVIN MICHAEL TAYLOR | Judgment - Page 4 of 7 |
| CASE NUMBER: | CR-09-00398-004 SBA | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any restitution and special assessment that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall participate in a program of testing and treatment for drug/alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

3. The defendant shall abstain from the use of all alcoholic beverages.

4. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

6. The defendant shall not have contact with any codefendant in this case, namely Daniel Ramsey, Angelo Leyesa, Shannon Marie Sorrell, and Jarrett Anthony Sermeno.

7. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

8. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | KEVIN MICHAEL TAYLOR | Judgment - Page 5 of 7 |
|---|---|---|
| CASE NUMBER: | CR-09-00398-004 SBA | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 37,040.20 |

[ ] The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| First Metropolitan Credit Union<br>Attention: Chris Miller Operations Officer<br>P.O. Box 3008<br>Concord, California 94522-3008 | | $37,040.20 | |
| Totals: | $ | $ 37,040.20 | |

[ ] Restitution amount ordered pursuant to plea agreement $ __

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: KEVIN MICHAEL TAYLOR | Judgment - Page 6 of 7 |
| CASE NUMBER: CR-09-00398-004 SBA | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [**x**]  Lump sum payment of $37,240.20 due immediately, balance due

   [ ]   not later than _____, or

   [**x**]  in accordance with ( ) C, ( ) D, ( ) E or (**x**) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [**x**]  Special instructions regarding the payment of criminal monetary penalties: It is further ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately.  While incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

The Court finds the defendant does not have the ability to pay and is subject to a large restitution amount, and orders the fine waived.

It is further ordered that the defendant shall pay restitution to First Metropolitan Credit Union, Attention: Chris Miller, Operations Officer, P.O. Box 3008, Concord, California 94522-3008, in the amount of $37,040.20, which shall be due immediately.  While incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.  Restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, in payments of not less than $100 per month upon the defendant's release from custody.  The defendant's restitution obligations shall be paid jointly and severally with other defendants in this case, namely, Daniel Ramsey, Shannon Marie Sorrell, Jarrett Anthony Sermeno, and Angelo Leyesa until full restitution is paid.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | | |
|---|---|---|
| DEFENDANT: | KEVIN MICHAEL TAYLOR | Judgment - Page 7 of 7 |
| CASE NUMBER: | CR-09-00398-004 SBA | |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[**x**] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| DANIEL RAMSEY | CR-09-398-01 SBA | $37,040.20 | $37,040.20 | |
| ANGELO LEYESA | CR-09-398-02 SBA | $37,040.20 | $37,040.20 | |
| SHANNON SORRELL | CR-09-398-03 SBA | $37,040.20 | $37,040.20 | |
| JARRETT SERMENO | CR-09-398-05 SBA | $37,040.20 | $37,040.20 | |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.