UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                Plaintiff,<br><br>   v.<br><br>KEVIN MICHAEL TAYLOR,<br><br>                Defendant. | Case No. 09-cr-00398-SBA-4   (DMR)<br><br>**REPORT AND RECOMMENDATION REGARDING REVOCATION AND DISPOSITION OF SUPERVISED RELEASE VIOLATION** |

Pursuant to 18 U.S.C. § 3401(i), the undersigned recommends to the district court that it accept defendant Kevin Michael Taylor's admissions to certain violations of the terms and conditions of his supervised release as charged in the Second Amended Petition for Summons for Offender under Supervision, filed on October 5, 2016. Specifically, at a hearing in open court on February 7, 2017, defendant admitted to Charge One (failure to participate in a program of testing and treatment for drug/alcohol abuse by failing to report for urinalysis testing and/or substance abuse counseling on specific dates in November and December 2015), and Charge Two (failure to participate in a program of testing and treatment for drug/alcohol abuse by failing to report for urinalysis testing on specific dates in March, May and June 2016). The undersigned makes the following findings:

      1.      On the hearing date set forth above, with the assistance of counsel, defendant waived his right to admit the violations in district court and instead consented to admit the violations in a hearing in magistrate court. Specifically, the undersigned advised him that he had a right to admit the violations in district court, and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to admit the violations in a hearing in magistrate court. The undersigned also advised him that I would issue a written report

1  recommending that the district court accept the admissions and recommended disposition, and that
2  the district court would review the recommendations and any objections thereto and decide
3  whether to accept the recommendations.  The undersigned also advised defendant of the
4  procedures for challenging the undersigned's court's recommendations.  Defendant then waived
5  his right to proceed in district court and consented to the magistrate court conducting the hearing
6  regarding the admission and disposition of the supervised release violations.

7  2.    The undersigned then reviewed, and defendant acknowledged that he understood,
8  the following: (a) the nature of the charges and the maximum penalties he faced; (b) his rights
9  under Federal Rule of Criminal Procedure 32.1(b)(2); and that (c) the district court, not the
10  magistrate court, would impose the sentencing.

11  3.    After the advisements set forth in Rule 32.1(b)(2), defendant waived his right to a
12  Rule 32.1(b)(2) hearing and admitted the two charges summarized above.  The undersigned finds
13  that he was fully competent and capable of admitting the charges, that he was aware of the nature
14  of the charges and the consequences of admitting them, and that his admission and waiver of
15  rights were knowing and voluntary.  The undersigned therefore recommends that the district court
16  accept defendant's admissions and that the district court revoke defendant's supervised release.

17  4.    With respect to the disposition of the admitted violations, the undersigned reviewed
18  the Supervised Release Violation Memorandum, dated November 2, 2016.  The parties confirmed
19  that they did not dispute any of the facts contained in the memorandum.  The parties stipulated,
20  and the undersigned finds, that the grade of the violation is C, the Criminal History Category is I,
21  and the resulting guideline range is 3-9 months.  Having reviewed the memorandum, and
22  considered the parties' statements, the undersigned agrees with the joint recommendation of the
23  parties, and therefore recommends the following sentence:  (1) that defendant be sentenced to the
24  custody of the Bureau of Prisons for 1 day, followed by a term of supervised release for a period
25  of 12 months; and (2) that while on supervised release, defendant shall not commit another
26  federal, state, or local crime, shall comply with the standard conditions that have been adopted by
27  this court, shall refrain from any unlawful use of a controlled substance and submit to a drug test
28  within 15 days of release and two periodic drug tests thereafter, and shall comply with all

1 previously imposed conditions, which are incorporated by reference.  The undersigned notes that
2 the amount of restitution currently owed by defendant is $37,040.20.
3      5. The government moved to dismiss Charge Three.  The undersigned recommends
4 that Count Three be dismissed.
5      5. Any party may serve and file specific objections within 14 days after being served
6 with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file
7 objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim P.
8 59(b).

10 **IT IS SO RECOMMENDED.**
11 Dated: February 7, 2017

_____
DONNA M. RYU
United States Magistrate Judge